UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOCKPORT CONDOMINIUM DEVELOPMENT, LLC,

                                    Plaintiff,

                v.                          **DECISION AND ORDER**
                                                                 09-CV-492-A

CITY OF LOCKPORT, NEW YORK,
MICHAEL W. TUCKER, Mayor,
HARRY J. APOLITO, Senior Building Inspector,
JAMES P. McCANN, Chief Building Inspector,

                                    Defendants.

Plaintiff Lockport Condominium Development, LLC ("LCD"), brings this action pursuant to 42 U.S.C. § 1983 alleging that its rights under the Due Process Clause, U.S. Const., amend. XIV, sec. 1, were violated by officials of defendant City of Lockport, New York. Plaintiff LCD alleges defendants' malicious denial of a building permit caused plaintiff's Victorian Village condominium development to fail. Plaintiff seeks $5,000,000 of compensatory damages from defendant City of Lockport and three City officials in their individual capacities, together with punitive damages in an unspecified amount from the three individual defendants.

**BACKGROUND**

The action is before the Court upon objections filed by plaintiff LCD to a Report and Recommendation of Magistrate Judge Jeremiah J. McCarthy which recommends that summary judgment be entered against plaintiff, and in favor of defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The

Magistrate Judge concluded that undisputed facts show plaintiff had no substantive due process rights in the unissued building permit. Plaintiff objects to the Report and Recommendation by contending the Magistrate Judge mistakenly confused plaintiff's substantive due process claim for malicious denial of the permit with a procedural due process claim based upon delay during the five months it took plaintiff to obtain the permit. *See* Dkt. No. 40, p. 6.

Upon review of a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When timely and specific objections to a report and recommendation are made, the Court reviews the portions of the report and recommendation to which the party objects under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept the portions of the recommended ruling to which no timely objections are made, provided no clear error exists. *Id.*

This Decision and Order assumes familiarity with the Magistrate Judge's Report and Recommendation, and with the admissible evidence before the Court, which are both referenced only as necessary to explain the Court's ruling. The Court has carefully considered the objections of plaintiff LCD to the Report and Recommendation and, upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), finds plaintiff's objections to the Report and Recommendation are without merit. The Court accepts the Report and Recommendation and grants summary

judgment to defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiff LCD contends defendants' "repeated imposition of requirements arbitrarily [and maliciously] pushed upon plaintiff during the building permit application process resulted in the complete financial collapse of the project." Dkt. No. 34, p 8.  In essence, plaintiff contends defendants used pretexts to avoid triggering the City of Lockport Building Inspector's obligation to issue a building permit for the Victorian Village development during a five-month period beginning when plaintiff first applied for the building permit on April 20, 2006, until the permit was issued on September 18, 2006.  *See e.g.,* Dkt. No. 43.

Section 1983 of Title 42 does not authorize this Court to sit as a federal zoning board of appeals to adjudicate local land-use disputes.  *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989).  In a land-use case, a § 1983 due process claim "requires the existence of a federally protectable property right and the denial of such a right in the absence of either procedural or substantive due process." *Natale v Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999).

The existence of a federally protectable property interest within the meaning of the Fourteenth Amendment's Due Process Clause, U.S. Const., amend. XIV, sec. 1, does not arise from the Due Process Clause; it arises from and is defined

by other rules and understandings in state and local law. *Ruckelshaus v. Monsanto*, 467 U.S. 986 (1984); *Bishop v. Wood*, 426 U.S. 341 (1976). The Second Circuit rigorously applies a "clear entitlement" test for the existence of a property interest that rises to the level of a substantive, protectable property interest under the Due Process Clause. *RRI Realty Corp. v. Inc. Vill. of Southampton,* 870 F.2d 911, 915-18 (2d Cir. 1989); *see* Report and Recommendation, Dkt. No. 39, pp. 9-10 (*quoting Zahara v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995). More specifically, in this context:

> to establish a federally protectable property interest in a [building] permit for which plaintiff has applied, plaintiff must show that, *at the time the permit was denied*, there was no uncertainty regarding his entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case.

*Natale v Town of Ridgefield*, 170 F.3d at 263 n. 1 (*emphasis added)*; *see O'Mara v. Town of Wappinger,* 485 F.3d 693, 700 (2d Cir. 2007).

To attempt to show a federally protectable property interest in the unissued building permit for the Victorian Village development, plaintiff LCD characterizes its due process claim as a malicious denial-by-pretext claim and insists it is not complaining of mere procedural delay. Dkt. No. 40, pp. 5-6. For example, plaintiff stresses that the Mayor of Lockport was quoted in a newspaper two years after the building permit was issued as saying "[w]e went as far as contacting the attorney general's office. They said they had nothing on him . . . [the Chief Building Inspector] made them jump through hoops to get some permits, but if all their

4

paperwork is in order, you can't not give him a permit." Dkt. No. 40, p. 3. Plaintiff contends that when it was required to "jump through hoops," it was denied the building permit to which it was clearly entitled in violation of substantive due process. Dkt. No. 40, pp. 5-6.

Based upon the law and evidence, the Court finds plaintiff LCD fails to meet its burden to show a factual dispute material to whether a federally protectable property interest arose when plaintiff filed its application for the building permit for the Victorian Village development on April 20, 2006, or at any later date before the building permit was issued to plaintiff on September 18, 2006. As a result, plaintiff has no viable substantive due process claim and the Magistrate Judge correctly recommended summary judgment be entered against plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The City of Lockport Code provides:

> When an application for a proposed development does not meet the requirements of this chapter the Building Inspector . . . shall refuse to issue a building permit. The applicant may appeal to the Zoning Board of Appeals for a reversal of such decision.

*Id.*, § 190-192(D).[1] Under this local law, plaintiff LCD was not entitled to a City of Lockport building permit for construction of the Victorian Village development until plaintiff complied with all requirements of chapter 190 of the Lockport Code. The Code also required that a building permit *would* be issued upon compliance with

---

[1] Chapter 190 of the Lockport Code is the City of Lockport Zoning Ordinance of 1984 that was in effect during the events underlying this action. *Id.* at § 190-2.

5

the Code, including the requirement of:

> review and action by any other board or agency, if any, as called for in this chapter ha[s] been complied with and all necessary approvals secured thereof.

*Id.*, § 190-192(C)(1).  Accordingly, the Building Inspector was not authorized to issue a building permit, and an applicant would only have a clear entitlement to such a permit, when requirements of any other board or agency with authority under the Code were satisfied.

Pursuant to §§ 190-186(H) and 190-192(B)(2) of the City of Lockport Code, the Lockport Planning Board was a board referenced in § 190-192(C)(1) that was required to review and approve the Victorian Village development before a building permit could be issued.  *Id.*  It is undisputed by the parties that the Lockport Planning Board approved at least the first phase of the development on October 5, 2005, and on March 6, 2006, but that the Planning Board approval was conditional.  *See* Dkt. No. 35-3, p. 7.  Because the Planning Board approval was conditional, plaintiff LCD was not entitled to a building permit before the conditions were met or lawfully excused.  *See* § 190-192(C)(1).

Among the conditions imposed by the Lockport Planning Board upon its approval of the first phase of the Victorian Village development, for example, were completion of a road to at least the first of the buildings to be built, and a requirement that plaintiff LCD obtain "approval" by the New York State Attorney General of its condominium offering plan.  Dkt. No. 35-3, p. 7.  Minutes of a March

6, 2006 Planning Board meeting indicate the Planning Board entertained concerns that, if the development failed, dwelling units would become rental units, not condominiums.

It is undisputed that some conditions imposed upon Planning Board approval of the Victorian Village development were unsatisfied by plaintiff when plaintiff applied for the building permit on April 20, 2006.  *Compare* Dkt. No. 28-1, ¶¶ 28, 30, *with* Dkt. No. 35.  For example, the Victorian Village condominium offering plan was not accepted for filing by the New York State Attorney General until approximately August 7, 2006, and was never "approved."  *See* Dkt. No. 28-3, pp. 95-106, 157-60.  The Building Inspector therefore had discretion pursuant to Lockport Code § 190-192(D) — if not an affirmative duty — to deny plaintiff the building permit for the first phase of the project until acceptance of the offering plan by the Attorney General around August 7, 2006.  The Building Inspector may even have had discretion to deny the building permit until formal "approval" of the offering by the Attorney General.

Similarly, in plaintiff LCD's application for the Victorian Village development building permit, plaintiff listed itself as "building contractor." Dkt. No. 35-4.  Plaintiff was not a building contractor licensed by the City of Lockport, however, and it could not receive a building permit unless it was using a licensed building contractor or became a licensed building contractor.  *See* Dkt. No. 28-6, pp. 109-10.  Plaintiff became a licensed building contractor on September 18, 2006, the

day the building permit was issued. Dkt. No. 28-3, pp. 146-47; No. 35, p. 4, ¶ 22; No. 35-4. Plaintiff was not clearly entitled to the building permit before that date, if then.

The law is clear that "substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v Town of Ridgefield*, 170 F.3d at 263. The Court has considered all of plaintiff LCD's complaints about the requirements it alleges it was maliciously required to satisfy to obtain the building permit for the Victorian Village development on September 18, 2006. Because all the requirements relate to colorable governmental concerns, none are so outrageously arbitrary as to qualify as a gross abuse of governmental authority of Constitutional magnitude. *See Natale v Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999).[2] For these reasons, the Court finds plaintiff LCD fails to meet its burden to establish through admissible evidence that a question of fact exists material to its substantive due process claim of being denied the building permit during the approximate five-month time period from when plaintiff filed its application for a building permit on April 20, 2006, until the permit was issued on September 18, 2006.

Further, the Magistrate Judge correctly concluded that plaintiff LCD had no substantive due process right in any of the procedures to obtain the building permit

---

[2] Speculation by plaintiff LCD before the Magistrate Judge that Lockport officials might have been trying to force it to deal with a particular lumber vendor was not supported by evidence sufficient to raise a fact issue for trial and is unpreserved in plaintiff's objections to the Report and Recommendation.

for the Victorian Village development. Report and Recommendation, Dkt. No. 39, pp. 9-13. He also correctly recognized plaintiff could have appealed any additional requirements it asserts were pretextually imposed upon it by defendants to the Zoning Board of Appeals and could have pursued an Article 78 proceeding to compel the Building Inspector to act on the application for the building permit sooner. *Id.* at pp. 13-14. Plaintiff did not do so, and on the evidence before the Court, plaintiff has no viable claim that its rights to due process were violated at any time during the period beginning when it applied for the building permit until it received the permit.

The Court has considered the specific objections of plaintiff LCD to the Magistrate Judge's Report and Recommendation and finds them to be without merit or moot in light of the Court's determinations that plaintiff has no viable due process claim. Plaintiff heavily relied upon the Mayor's reported jump-through-hoops comment to show a municipal custom and practice to deny plaintiff the building permit and in support of an extension of liability to the municipal defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), but since the Court finds plaintiff has no § 1983 due process claim, the *Monell* question is moot.

**CONCLUSION**

For the above-stated reasons, the Court rejects the objections of plaintiff Lockport Condominium Development, LLC, to the Report and Recommendation of

9

Magistrate Judge McCarthy, Dkt. No. 39, and accepts the recommendation to grant summary judgment against plaintiff and in favor of defendants City of Lockport, New York, Michael W. Tucker, Mayor, Harry J. Apolito, Senior Building Inspector, and James P. McCann, Chief Building Inspector, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The Clerk shall enter Judgment accordingly.

**SO ORDERED.**

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:  September 26, 2013